**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00219-KAS

---

**KATIE JOHNSON, *PRO SE***
**JESSICA BUSBY, *PRO SE***

Plaintiffs,

v.

**ABACUS CAPITAL GROUP**
**AMFP V CENTRAL PARK, LLC**
**MICHAEL SARNO**
**SAKO AND PARTNERS LOWER HOLDINGS, LLC**
**ASSET LIVING, LLC**
**MICHAEL MCGRATH**
**M. RYAN MCGRATH**
**SHANNA MARTINEZ**

Defendants.

---

**DEFENDANTS SAKO AND PARTNERS LOWER HOLDINGS, LLC, ASSET LIVING, LLC, M. RYAN MCGRATH, and SHANNA MARTINEZ'S MOTION TO DISMISS DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH FED.R.CIV.P. 8**

---

Defendants Sako and Partners Lower Holdings, LLC, Asset Living, LLC, Michael McGrath, M. Ryan McGrath, and Shanna Martinez, by and through their attorneys, Bayer & Carey, P.C., come forth as follows:

**D.C.COLO.LCivR 7.1 Certification**

These Defendants conferred with both Plaintiffs and with the other Co-Defendants concerning the subject matter of this Motion. Plaintiffs oppose, and Co-Defendants either will not oppose or intend to join in the Motion. During the conferral call with Plaintiffs,

these Defendants made clear their position that if Plaintiffs can present them with an Amended Complaint that complies with Rule 8 and the other relevant rules, these Defendants would not oppose their effort to introduce that Amended Complaint into this case.

## I. Introduction

A complaint is subject to dismissal for failing to comply with the pleading requirements of Rule 8.[1]

Fed.R.Civ.P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, a complaint against multiple defendants is flawed if it fails to describe what claims are being brought against which defendant, namely "who did what to whom."[2]

Here, Plaintiffs' complaint violates Rule 8 because it fails to contain "a short and plain statement" of the relevant facts and claims for relief, and it also fails to distinguish which claims are brought against which defendants.

Therefore, and as explained in detail below, this Court should dismiss this case against these Defendants.

## II. Relevant law

Although a pro se plaintiff's pleadings are entitled to a liberal construction, a pro

---

[1] *Nasious v. Two Unknown B.I.C.E Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1162 (10th Cir. 2007; *also see Carter v. Thompson*, 2021 WL 3206774 p. 2 (D. Colo. 2021); *Perry v. State of Colorado*, 2022 WL 20518303, p. 2 (D. Colo. 2022).
[2] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2021). (Complaint fails when it does not describe "who did what to whom.");

se plaintiff must nevertheless follow the rules of civil procedure.[3]

The United States Supreme Court has noted the purpose of the pleading requirements set forth in Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[4] To accomplish this purpose, Fed.R.Civ.P. 8(a)(2) only requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[5] Similarly, under Fed.R.Civ.P. 10(b), "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The purpose of these rules is to "eliminate prolixity in pleadings and to achieve brevity, simplicity, and clarity."[6] Rule 8(a)(2) does not require a complaint contain detailed factual allegations.[7] Rather, "factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading."[8] Even though the rules of pleading are somewhat forgiving,[9] pleadings with unnecessary clutter are improper.[10] As explained by the Tenth Circuit, "Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible."[11] As such, courts have found it is

[3] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).
[4] *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555 (2009).
[5] Fed.R.Civ.P. 8(a)(2).
[6] *Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1388 (10th Cir. 1980).
[9] *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).
[10] *Autila v. Massachusetts Bay Transportation Authority*, 342 F.R.D. 23, 32 (D. Mass. 2022).
[11] *New Home Appliance Center, Inc. v. Thompson* 250 F.2d 881, 883 (10th Cir. 1957).

improper for pleadings to contain "narrative ramblings,"[12] legal arguments,[13] legal conclusions,[14] citation to case law or other legal authority,[15] and are otherwise wordy and unwieldy.[16] Prolix complaints undercut the administration of justice because district court judges have to measure the pleadings against certain criteria found in the federal rules such as Rule 12(b) and Rule 56, which is made immeasurably more difficult by such overly broad pleadings.[17]

Equally important, when there are multiple defendants, the pleading rules require a plaintiff to make clear the connection between specific allegations and individual defendants because, as noted by the Ninth Circuit, each defendant needs to know what wrongs they have allegedly committed:[18]

> If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose [of the pleading rules] is defeated. Only by months or years of discovery and motions can each defendant find out what he is being sued for.[19]

Federal courts have recognized pleadings that do not specify whom a plaintiff is suing for what wrong prejudices not only the defendants in the case but also the trial court, because the trial court must manage the litigation without knowing what claims are made against

---

[12] *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir. 1996).
[13] *Hall v. Bush,* 2020 WL 13982500, p. 3 (W.D. Mich. 2020); *Herbert v. Miller*, 2020 WL 7041457, p. 2 (S.D. Ga. 2020); *Cataldo v. Yates*, 2007 WL 1100495, p. 1 (D.E. Cal. 2007).
[14] *Id.*
[15] *Hall,* 2020 WL 13982500, p. 3;
[16] *Nasious*, 492 F.3d. at 1162.
[17] *Id.* at 1163.
[18] *McHenry*, 84 F.3d at 1175-1176.
[19] *Id.* at 1178.

whom.[20] These circumstances lead to discovery disputes and lengthy trials, prejudicing litigants in other cases who follow the rules, as well as a defendant in the case in which the prolix pleading is filed."[21] As succinctly—and colorfully—recognized by the Seventh Circuit, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."[22] Accordingly, it is not the role of either the trial court or each defendant in a case with multiple defendants to sort through a pleading and try to construct what claims a plaintiff is bringing against what defendant.[23]

**III. Relevant facts**

Plaintiffs' complaint arises from their tenancies at a two-building residential apartment complex in Denver, and their complaint has been brought against 8 different entities and individuals who have alleged ownership interests in, and/or management responsibilities for, the subject apartment complex.

Plaintiffs' complaint:

- Is 36 single-spaced pages long, contains 127 paragraphs, and has 31 claims for relief;[24]
- Contains paragraphs that are narratives, some of which are several pages long, such as paragraph 80, which is approximately two pages long and has at least 21 distinct factual allegations;

[20] *Id.; Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2021)(Complaint fails when it fails to describe "who did what to whom.").
[21] *Id.* at 1180.
[22] *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).
[23] *McHenry*, 84 F.3d at 1180; *also see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988)("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from the mass of verbiage.")
[24] See complaint, Doc. No. 1.

- Contains extraneous matters such as Plaintiffs labeling the Defendants as "predators,"[25] "slum lords,"[26] and "Parasites, of the most lothesome (sic) kind;"[27]

- Contains citations to case law[28] and other legal authority;[29]

- Contains extraneous matters such as Plaintiffs suggesting "The Defendants thought the little people would just go away because they didn't have the wherewithal or resources to do anything,"[30] and "To the Defendants, a quick buck is more important than people;"[31]

- Bases claims for relief on alleged wrongs done to those other than the Plaintiffs;[32]

- Contains the alleged "element for each of the 31 claims for relief;[33]

- Contains a "Conclusion" for each of the 31 claims for relief in which Plaintiffs present a legal argument;[34]

- Refers to all 8 Defendants collectively and indiscriminately as "Defendants" throughout much of their complaint; and[35]

- Has 31 claims for relief that are directed against "Defendants" without distinguishing which of the 8 defendants were being accused of the alleged wrong.[36]

---

[25] Complaint, Doc. No. 1, paragraph 35.
[26] Complaint, Doc. No. 1, paragraph 58.
[27] Complaint, Doc. No. 1, paragraph 68.
[28] See for example, complaint, Doc. No. 1, paragraphs 82, 83, and 84.
[29] See for example, complaint, Doc. No. 1, paragraphs 82 (Colorado statute), 83 (federal statute), 88 (Colorado House Bills), and 93 (Denver Municipal Code.).
[30] Complaint, Doc. No. 1, paragraph 62.
[31] Complaint, Doc. No. 1, paragraph 64.
[32] See, for example, complaint, paragraphs 69, 70, and 72 where Plaintiffs seek relief based on an allege wrong to their neighbor.
[33] Complaint, Doc. No. 1, paragraphs 82-112.
[34] Complaint, Doc. No. 1, paragraphs 82-112.
[35] Complaint, Doc. No. 1, paragraph 1.
[36] Complaint, Doc. No. 1, paragraphs 82-112.

## IV. Arguments

The case law cited above, along with the plain language found in Rule 8, demonstrates more is not better when it comes to a civil complaint. Rather, the opposite is true. And Plaintiffs have violated the applicable law with their complaint.

Plaintiffs complaint is filled with prolixity rather than clarity, with some paragraphs extending to two pages, or more, in length. It contains citations to case law and alleged legal authority when doing so is improper. Plaintiffs' complaint includes narrative ramblings in the form of insults and slurs against the Defendants even though doing so violates the pleading rules. Plaintiffs also base their complaint on wrongs the Defendants allegedly committed with regards to non-parties. Legal arguments and conclusions should not be included in a complaint, yet each of the Plaintiffs' 31 claims for relief contain them.

Further, the complaint contains factual allegations against the "Defendants" without distinguishing which of the 8 Defendants the allegation concerns. Likewise, each of the 31 claims for relief are brought against the "Defendants," again without distinguishing which of the 8 Defendants the claim is being brought against. Case law demonstrates neither these Defendants nor this Court should be left to figure out which claims are being brought against which Defendants.

Federal courts have recognized a complaint that is too long, filled with unnecessary factual and legal allegations that fails to identify which claims are being brought against what defendant(s) fails under the relevant procedural rules:

> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.[37]

Here, Plaintiffs' submission reads more like a press release than a complaint. And case law demonstrates such complaints should be dismissed.[38] Otherwise, it will be these Defendants and this Court that will face the prejudicial consequences of Plaintiffs' failure to follow the pleading rules.

## V. Conclusion

To comply with the federal rules of procedure, a complaint needs to contain short and plain statements, and advise each defendant what wrongdoing they supposedly committed. Plaintiffs' complaint fails in both regards.

WHEREFORE, these Defendants request this Court grant their Motion, and dismiss this case.

Dated: March 13, 2025

BAYER & CAREY, P.C.

*/s/ Matthew J. Weeber*
Matthew J. Weeber, Esq., No. 41595
1660 N. Downing Street
Denver, CO 80218
mweeber@bayerlaw.com
(303) 830-8911

[37] *McHenry*, 84 F.3d at 1180; *also see City of Las Cruces v. Lofts at Alameda, LLC.,* 647 F.Supp.3d 1096, 1103 (D. New Mexico 2022); *Martin v. Saginaw*, 2020 WL 6389838 p. 2 (E.D. Mich. 2020).
[38] *Id.*

Attorney for Defendants Sako and Partners Lower Holdings, LLC, Asset Living, LLC, Michael McGrath, M. Ryan McGrath, and Shanna Martinez

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March 2025 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Katie Johnson, *Pro-Se*
7738 E. 25th Ave.
Denver, CO, 80238
*Plaintiff*

Jessica Busby, *Pro-Se*
3227 Syracuse St., #203
Denver, CO 80238
*Plaintiff*

Emma Kathleen Knight, Esq.
Jared Richard Ellis, Esq.
Hall & Evans LLC
1001 Seventeenth Street, Suite 300
Denver, CO. 80202
*Attorneys for Defendants Asset Living, LLC*
*Michael S. McGrath, and Shanna Martinez*

*/s/ Amanda Ringley*
Amanda Ringley