# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

**Katie Johnson and Jessica Busby,**
Plaintiffs,

v.

**Abacus Capital Group, LLC;**
**AMFP V Central Park, LLC;**
**Michael Sarno;**
**Sako and Partners Lower Holdings, LLC;**
**Asset Living, LLC;**
**Michael S. McGrath;**
**M. Ryan McGrath; and**
**Shanna Martinez,**
Defendants.

Civil Action No. **25-cv-00219-NYW-TPO**

---

# SECOND AMENDED COMPLAINT

Plaintiffs Katie Johnson and Jessica Busby, proceeding pro se, allege as follows:

---

## I. PARTIES

1. Plaintiff **Katie Johnson** is an individual who resided at the Subject Property in Denver, Colorado.
2. Plaintiff **Jessica Busby** is an individual who resided at the Subject Property in Denver, Colorado.
3. Defendant **Abacus Capital Group, LLC** is a business entity that owned and exercised control over the Subject Property.
4. Defendant **AMFP V Central Park, LLC** is a business entity that owned and exercised control over the Subject Property.
5. Defendant **Michael Sarno** is an individual associated with ownership and oversight of the Subject Property.
6. Defendant **Sako and Partners Lower Holdings, LLC** is a business entity involved in ownership or operational oversight of the Subject Property.

7. Defendant **Asset Living, LLC** is a property management company responsible for day-to-day management, maintenance, and tenant relations at the Subject Property.
8. Defendants **Michael S. McGrath** and **M. Ryan McGrath** are individuals associated with management and operational oversight of Asset Living, LLC.
9. Defendant **Shanna Martinez** was an on-site manager or agent responsible for implementing management policies and interacting directly with tenants.

---

# II. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.
11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in the District of Colorado.

---

# III. GENERAL ALLEGATIONS

12. Plaintiffs resided at a multi-unit residential apartment complex located in Denver, Colorado (the “Subject Property”).
13. At all relevant times, **Abacus Capital Group, LLC** and **AMFP V Central Park, LLC** owned the Subject Property and exercised authority over major repairs, maintenance funding, and habitability compliance.
14. At all relevant times, **Asset Living, LLC** acted as the property manager for the Subject Property and was responsible for maintenance, tenant communications, and enforcement of lease policies.
15. Plaintiffs experienced persistent and serious conditions at the Subject Property, including loss of essential services, sanitation issues, safety hazards, and access barriers.
16. Plaintiffs repeatedly reported these conditions through maintenance requests, written complaints, and communications with management.
17. Despite notice, the conditions were not timely or adequately remedied.
18. Plaintiffs suffered physical, emotional, and economic harm as a result.

---

# IV. CLAIMS FOR RELIEF

---

# CLAIM I

### Violation of the Colorado Warranty of Habitability

### C.R.S. §§ 38-12-501 et seq.

*(Against Abacus Capital Group, LLC; AMFP V Central Park, LLC; and Asset Living, LLC)*

19. Plaintiffs reallege all prior paragraphs.
20. Defendants owed Plaintiffs a statutory duty to maintain the Subject Property in a habitable condition.
21. The Subject Property suffered from uninhabitable conditions including loss of heat and hot water, sewage backups, water intrusion, pest infestation, non-functioning elevators, accumulated waste, and compromised security.
22. These conditions materially affected essential services, including heat, water, sanitation, safe access, and basic security, rendering the premises unfit for human habitation.
23. Plaintiffs provided repeated notice of these conditions.
24. Defendants failed to cure the conditions within reasonable timeframes measured in weeks and months.
25. Plaintiffs suffered damages as a direct result.

---

# CLAIM II

### Disability Discrimination – Fair Housing Amendments Act

### 42 U.S.C. § 3604(f)

*(Against Abacus Capital Group, LLC; AMFP V Central Park, LLC; and Asset Living, LLC)*

26. Plaintiffs reallege all prior paragraphs.
27. Plaintiffs are individuals with disabilities within the meaning of the FHAA.
28. Defendants discriminated against Plaintiffs in the provision of housing services and facilities.
29. Plaintiffs requested reasonable accommodations necessary to access and use their dwellings, including timely repair and restoration of elevators and essential access systems.
30. Defendants denied or unreasonably delayed those accommodations despite notice.
31. Plaintiffs were denied equal opportunity to use and enjoy their housing.

---

# CLAIM III

### Retaliation

### C.R.S. § 38-12-509

*(Against Asset Living, LLC and Shanna Martinez)*

32. Plaintiffs reallege all prior paragraphs.
33. Plaintiffs engaged in protected activity by reporting habitability violations and asserting statutory rights.
34. Defendants had knowledge of that protected activity.
35. Defendants took adverse actions including threats of eviction, fee assessments, reduction of services, harassment, and refusal to renew leases.
36. The adverse actions occurred shortly after Plaintiffs' protected activity and lacked legitimate justification.

---

# CLAIM IV

### Colorado Consumer Protection Act

### C.R.S. §§ 6-1-101 et seq.

*(Against Asset Living, LLC and Abacus Capital Group, LLC)*

37. Plaintiffs reallege all prior paragraphs.
38. Defendants engaged in deceptive trade practices by misrepresenting property conditions and charging fees for services not provided.
39. These practices were standardized, systemic, and affected numerous tenants.
40. Plaintiffs relied on the misrepresentations and suffered damages.

---

# CLAIM V

### Premises Liability – Negligence / Willful and Wanton Conduct

### C.R.S. § 13-21-115

*(Against Abacus Capital Group, LLC; AMFP V Central Park, LLC; and Asset Living, LLC)*

41. Plaintiffs reallege all prior paragraphs.
42. Plaintiffs were lawful invitees at the Subject Property.
43. Defendants maintained dangerous conditions and failed to remedy known hazards.
44. Plaintiffs suffered physical injuries and bodily harm, including exacerbation of existing medical conditions.

---

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

A. Declaratory relief;
B. Actual and compensatory damages;
C. Statutory and enhanced damages where permitted by law;
D. Appropriate injunctive relief requiring compliance with applicable laws;
E. Attorneys' fees and costs where authorized;
F. Pre- and post-judgment interest; and
G. Such other relief as the Court deems just and proper.

---

# VI. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.