**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00219-KAS

---

**KATIE JOHNSON, *PRO SE***
**JESSICA BUSBY, *PRO SE***

Plaintiffs,

v.

**ABACUS CAPITAL GROUP**
**AMFP V CENTRAL PARK, LLC**
**MICHAEL SARNO**
**SAKO AND PARTNERS LOWER HOLDINGS, LLC**
**ASSET LIVING, LLC**
**MICHAEL MCGRATH**
**M. RYAN MCGRATH**
**SHANNA MARTINEZ**

Defendants.

---

**DEFENDANTS SAKO AND PARTNERS LOWER HOLDINGS, LLC, ASSET LIVING, LLC, MICHAEL MCGRATH, M. RYAN MCGRATH, and SHANNA MARTINEZ'S PARTIAL FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS**

---

Defendants Sako and Partners Lower Holdings, LLC., Asset Living, LLC, Michael McGrath, M. Ryan McGrath, and Shanna Martinez, by and through their attorneys, Bayer & Carey, P.C., come forth as follows:

**CERTIFICATION RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE ("AI") FOR DRAFTING**

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

## I. Introduction

Plaintiffs' complaint arises out of their tenancy at the Avantus Apartments (Apartments") located in Denver. From November 1, 2021 until March 25, 2024, Defendant Asset Living provided certain property-management services at, and for, the Apartments,[1] and Defendant Shanna Martinez was the on-site manager for some of the time Asset Living managed the Apartments.[2] Plaintiffs have alleged Defendants Sake and Partners Lower Holdings LLC, Michael McGrath, and M. Ryan McGrath were involved in the ownership or operational oversight of the Apartments.[3]

Plaintiffs' second amended complaint contains five claims for relief.[4] All five of those claims are brought against Asset Living and at least one of the other Defendants.[5] And the Plaintiffs' third claim for relief is brought against Shanna Martinez.[6] However, Plaintiffs have not brought any of their five claims for relief against Sako and Partners Lower Holdings LLC, Michael McGrath, or M. Ryan McGrath.[7]

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face."[8] As noted by the 10th Circuit, "This pleading requirement serves two purposes; to ensure

---

[1] See second amended complaint, (EFC #66), Section 1, page 2, paragraph 7.
[2] Id. Section 1, page 2, paragraph 9.
[3] Id. Section 1, page 1, paragraph 6, and Section 1, page 2, paragraph 8.
[4] Second amended complaint, (ECF #66).
[5] Id.
[6] Id.
[7] Id.
[8] *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012), citing to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007).

that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim."[9]

A claim has facial plausibility if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[10] Where the facts in the complaint do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief.[11] A complying complaint needs to give the defendant fair notice of what the claim is and the grounds upon which it rests.[12] Under this standard, plausibility refers to the scope of the allegations in the complaint: if they are so general that they encompass a wide swarth of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.[13]

## II. Argument

### *A. Plaintiffs' complaint against Defendants Sako and Partners Lower Holdings, LLC, Michael McGrath, and M. Ryan McGrath should be dismissed because Plaintiffs' complaint does not contain any claim for relief against those Defendants.*

The Court's function under Rule 12(b)(6) is to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[14]

---

[9] *Kansas Penn Gaming, LLC., Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).
[10] *VDARE Foundation v. City of Colorado Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[12] *Brown v. JBS USA Food Company,* 773 F.Supp.3d 1193, 1208 (D. Colo. 2025).
[13] *Id.* at 1191.
[14] *Smith v. U.S.,* 561 F.3d 1090, 1098 (10th Cir. 2009).

Under the plausibility standard, a Rule 12(b)(6) analysis usually involves identifying and separating the conclusory statements from the factual allegations in the complaint because the conclusory statements are not entitled to the assumption of truth that is given to proper factual allegations.[15] Thereafter, the Court has to determine whether there is a plausible claim for relief based on the factual allegations.[16]

Here, this Court does not have to do such an analysis because Plaintiffs have not brought any claims for relief against Defendants Sako and Partners Lower Holdings, LLC, Michael McGrath, and M. Ryan McGrath. As such, this Court can take every allegation in Plaintiffs' complaint as being true, and the complaint would not contain any claim against these Defendants that is plausible on its face, and it would not contain any claim for relief against these Defendants upon which relief could be granted. Hence, Plaintiffs' complaint against Defendants Sako and Partners Lower Holdings, LLC, Michael McGrath, and M. Ryan McGrath should be dismissed.

WHEREFORE, Defendants Sako and Partners Lower Holdings, LLC, Michael McGrath, and M. Ryan McGrath ask this Court to grant their motion, and enter an order dismissing Plaintiffs' complaint against them.

Dated: April 9, 2026.

---

[15] *VDARE Found v. City of Colorado Springs,* 11 F.4th 1151, 1159 (10th Cir. 2021).
[16] *Id.*

BAYER & CAREY, P.C.

/s/ Rita L. Booker
Rita L. Booker, Esq., No. 19688
1660 N. Downing Street
Denver, CO 80218
rbooker@bayerlaw.com
(303) 830-8911
Attorney for Defendants Sako and Partners Lower Holdings, LLC., Asset Living, LLC, Michael McGrath, M. Ryan McGrath, and Shanna Martinez

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Katie Johnson, *Pro-Se*
7738 E. 25th Ave.
Denver, CO 80238
*Plaintiff*

Jessica Busby, *Pro-Se*
3227 Syracuse St., #203
Denver, CO 80238
*Plaintiff*

Robert R. Marsh, Esq.
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
*Attorneys for Defendant Abacus Capital Group*

Amanda M. Doherty, Esq.
Tamara C. Jordan, Esq.
Wood Smith Henning & Berman LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, CO 80129
*Attorneys for Defendant AMFP V.*
*Central Park, LLC, and Michale Sarno*

Gregory S. Rich, Esq.
Alicia C. Delaney, Esq.
Coombe Curry Rich & Jarvis
2000 South Colorado Boulevard
Tower II
Suite 1050
Denver, CO 80222
*Attorneys for AMFP V*
*Central Park, LLC*

Katelyn Z. Larkin, Esq.
Overturn McGath & Hull, PC
625 East 16th Avenue
Suite 100
Denver, CO 80203
*Attorneys for AMFP V*
*Central Park, LLC*

*s/ Stormy Swanson*
For Bayer & Carey, PC